IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JONAH INVESTMENTS GROUP LLP<br>*Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00036 |
| SCOTTSDALE INSURANCE COMPANY<br>*Defendant.* | § § § | |

**NOTICE OF REMOVAL**

Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Jonah Investments Group LLP v. Scottsdale Insurance Company*; Cause No. P-8722-83-CV; In the 83rd Judicial District Court, Pecos County, Texas.

**I.**
**BACKGROUND**

1. Plaintiff Jonah Investments Group LLP (hereinafter "Plaintiff") initiated the present action by filing its Original Petition against Scottsdale in Cause No. P-8722-83-CV; In the 83rd Judicial District Court, Pecos County, Texas on June 20, 2024 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on August 16, 2024, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 83rd Judicial District Court, Pecos County, Texas.

5. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A. Diversity of Parties

7. According to the Pecos County Appraisal District, the entity that owns the properties at issue in this case is Jonah Investments Group LLP. Jonah Investments Group LLP is a Texas limited liability partnership. The citizenship of a limited partnership is determined from the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the partners of Jonah Investments Group LLP that have been identified are Joe Hernandez and Nabor Hernandez. Both Joe Hernandez and Nabor Hernandez are individuals domiciled in the State of Texas. No other current partners of Jonah Investments Group LLP were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share its citizenship. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Jonah Investments Group LLP is a citizen of the state of Texas.

8. Defendant Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the States of Ohio and Arizona.

9. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

10. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335).

11. Here, Plaintiff's Original Petition seeks "monetary relief less than $250,000 or less [sic] and non-monetary relief." **Exhibit A**, Plaintiff's Original Petition, at ¶ 4. However, Plaintiff sent a pre-suit demand letter in which Plaintiff claimed the amount of covered damage that was owed is $55,639.18. **Exhibit D**, Plaintiff's June 23, 2023 demand letter at p. 3. Plaintiff also seeks treble damages for alleged knowing conduct under the Texas Insurance Code. **Exhibit A,** Plaintiff's Original Petition with Citation, at ¶ 20. The trebling of alleged actual damages is sufficient to establish the amount in controversy requirement for diversity jurisdiction. *See Martinez v. Allstate Tex. Lloyd's,* No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of

Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 - *8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same). In this case, the trebling of Plaintiff's actual damages totals $166,917.54 and thus establishes the amount in controversy.

12. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiff further seeks compensation for actual damages, attorneys' fees, treble damages, statutory interest penalties under Chapter 542 of the Texas Insurance Code, and exemplary damages. **Exhibit A**, Plaintiff's Original Petition, at ¶¶ 18-23.

13. Therefore, the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages it seeks in its Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established.

**III.**
**CONCLUSION**

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 16th day of August, 2024 to:

Andrew A. Woellner
Woellner Law Group, PLLC
1717 W 34th, Ste. 600-186
Houston, Texas 77018
andrew@woellnerlaw.com

***#9414 7266 9904 2137 9617 16***

*/s/ Patrick M. Kemp*
Patrick M. Kemp