IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JONAH INVESTMENTS GROUP LLP | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00036-DC-DF |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jonah Investments Group, LLC, Plaintiff (hereinafter referred to as "Plaintiff"), and files its First Amended Complaint against Defendant Scottsdale Insurance Company ("Scottsdale") and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Jonah Investments Group, LLC, is an individual in and/or owning property in Bexar County, Texas.

2.     Defendant, Scottsdale Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant has appeared and answered herein.

### JURISDICTION

3.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

**VENUE**

4.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**FACTS**

5.      Plaintiff is the owner of a property insurance policy number **CPS7522452** ("the Policy") issued by Scottsdale.

6.      Plaintiff owns the insured properties located at **1109 West James Street, Fort Stockton, Texas 79735 and 1508 West Dickinson, Fort Stockton, Texas 79735** (hereinafter referred to as "the Property").

7.      On or about May 7, 2022, Plaintiff's Property was damaged by an extreme weather event ("the Storm"), an occurrence covered by the Policy. Specifically, the Property experienced a power surge at 2:49 pm, which was restored at 4:25pm and another surge at 8:31pm, which was restored at 9:58pm.

8.      The power surge caused significant damage to 51 card readers at the Property, which caused them to fail. Plaintiffs then loss significant business income because the card readers are used to operate the laundry machines.

9.      Plaintiff subsequently submitted a claim to Scottsdale for the damage the Property sustained as a result of the Storm. Plaintiff requested that Scottsdale cover the cost of repairs to the Property.

10.     Scottsdale assigned Suzanne Walker ("Walker") as the adjuster on the claim. However, Walker did not even visit the Properties herself. Instead, she assigned Hartford Steam Boiler ("Hartford") to investigate the loss. Hartford conducted a substandard investigation of the

2

cause of loss damage to the card readers. Hartford determined that there was no damage by any of the covered causes of loss.

11.     Walker accepted this determination and did not provide my client with any payment for its loss of business income and replacement of its card readers.  She did this even though she questioned Hartford's inspection.  Hartford confirmed the card readers were not working, and Walker wrote to Harford and explained that their investigation failed to "comment on the cause of the failure."

12.     Walker also unilaterally changed the date of loss to a time period in 2023 when there was no power surge, which Defendant then used to deny the claim.

13.     Clearly, this claim determination was a deliberate attempt to avoid paying out benefits my client is entitled to under the policy, as evidence will show the damage to the equipment at the client's Properties was due to the Storm.  Walker questioned the findings of Defendant's expert and without receiving a response still denied Plaintiff's claim.

14.     As a result of this unreasonable decision, my client retained an experienced public adjuster to evaluate the damages caused by the Storm. The public adjuster's investigation found severe and obvious damage to the card readers and a subsequent loss of business income as a result of the lightning strike. Scottsdale alleged that the damage to the card readers was not a covered cause of loss. However, 51 card readers do not all simultaneously fail due to wear and tear. Rather, they failed due to an "accident," as described in the Equipment Breakdown Coverage endorsement, a covered cause of loss.

15.     Without question, these card readers were properly working before being struck by lightning and surge.  However, Scottsdale is attempting a clever ruse in order to avoid paying out on a covered claim.

16.     Ultimately Scottsdale wrongfully denied Plaintiff's claim.

17.     Scottsdale and its personnel failed to thoroughly review and properly supervise the work of its assigned adjuster. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and continues to suffer damages.

18.     Defendant set about to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and/or intentionally under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

19.     As detailed in the paragraphs above, Scottsdale wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

20.     Defendant Scottsdale failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Scottsdale's conduct constitutes a breach of the insurance contract between Scottsdale and Plaintiffs.

21.     Defendant misrepresented to Plaintiff that damages to the Property were not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1).

22.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

23.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without a proper explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3).

24.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, the Texas Insurance Code provides Scottsdale fifteen business days after it receives the information on which it will base its claim decision to inform Plaintiff whether it will accept or reject the claim. Tex. Ins. Code § 542.056(a). Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. *Id.* and Tex. Ins. Code § 541.060(a)(4).

25.     Based on the foregoing, Defendant refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

26.     As detailed earlier, Defendant Scottsdale failed to meet its obligations under the Texas Insurance Code regarding beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.055.

27.     Defendant Scottsdale failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Specifically, Scottsdale failed to meet its obligations of providing the notice not later than the 15th business day. Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.056.

28.     Defendant Scottsdale failed to meet its obligations under the Texas Insurance Code regarding payment of the claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

29.     From and after the time Plaintiff's claim was presented to Defendant Scottsdale, the liability of Scottsdale to pay the full claim in accordance with the terms of the Policy was

6

reasonably clear. The terms of the Policy were clear and were even explained to Scottsdale prior to the filing of this lawsuit. However, Scottsdale has refused to pay Plaintiff's claim in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Scottsdale's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm that is representing him with respect to these causes of action.

32.     In compliance with Tex. Ins. Code §542A.003, Plaintiff timely gave pre-suit notice to Defendant prior to filing suit. More than sixty days have elapsed since Plaintiff sent its notice and Scottsdale failed to pay said demand.

## CAUSES OF ACTION

33.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Scottsdale**

34.      Scottsdale intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

**A.      Breach of Contract**

35.     Scottsdale breached the contract of insurance it had with Plaintiff. Scottsdale breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

7

**B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

36.    Defendant Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article were made actionable by Tex. Ins. Code § 541.151.

37.    Defendant Scottsdale's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

38.    Defendant Scottsdale's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Scottsdale's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

39.    Defendant Scottsdale's unfair settlement practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

40.    Defendant Scottsdale's unfair settlement practices of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitute an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(4).

41.    Defendant Scottsdale's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

**C.      Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute**

42.      Plaintiff is entitled to interest and attorney fees under Tex. Ins. Code §542.060 for Scottsdale's violation of the Texas Insurance Code, Prompt Payment of Claims Tex. Ins. Code §542.051 *et. seq.*

43.      Scottsdale failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under Tex. Ins. Code §542.055.

44.      Scottsdale failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under Tex. Ins. Code §542.056.

45.      Scottsdale delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under Tex. Ins. Code §542.058.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

46.      Scottsdale breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim when it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

47.      Each of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

48.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.     The damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

50.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

51.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code § 541.152.

52.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is  entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code § 542.060.

53.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

54.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court.

## JURY DEMAND

55.     Plaintiff hereby demands a trial by jury and tenders the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Plaintiff have judgment taken against Defendant and recover from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post-judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,


By:     */s/ Andrew A. Woellner*
        **Andrew A. Woellner**
        SBN: 24060850
        **WOELLNER LAW GROUP, PLLC**
        1717 W. 34th, Suite 600-186
        Houston, Texas 77018
        Telephone (832)-982-0100
        Facsimile (832)- 363-6333
        Emails: andrew@woellnerlaw.com
        **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 16th day of December, 2024 to:

Patrick M. Kemp
pkemp@smsm.com
Robert G. Wall
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

/s/ Andrew A. Woellner
Andrew A. Woellner